**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 8, 2008
Decided October 21, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1917

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>ANTWAN RAMSEY,<br>*Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 06 CR 669-7<br><br>David H. Coar,<br>*Judge*. |

**O R D E R**

Antwan Ramsey pleaded guilty to distributing in excess of five grams of crack, 21 U.S.C. § 841(a)(1), and was sentenced to 92 months' imprisonment to be followed by five years supervised release.  Ramsey appeals, but his appointed counsel moves to withdraw because he cannot identify any nonfrivolous argument to pursue.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Ramsey responded to counsel's request to withdraw, *see* Cir. R. 51(b), and so we confine our review to the issues outlined in counsel's facially adequate brief and Ramsey's response.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In his *Anders* submission, counsel first examines whether the district court properly calculated the sentence under the guidelines.  He considers an argument pressed by Ramsey-- namely, that an amendment to the guidelines restated the rules for determining when multiple crimes are treated as one for criminal history purposes.  The amendment states that two prior convictions are counted as one if the resulting "sentences were imposed on the same day."

U.S.S.G. § 4A1.2(a)(2)(2007); U.S.S.G., Supp. to App. C, Amendment 709 (2007).  Ramsey had been sentenced on January 6, 2006 for three different felonies occurring at different times:  felon in possession of a firearm (December 2003); driving while license suspended or revoked (March 2005); and possession of cocaine (November 2005).  However, the amendment did not change § 4A1.2(a)(2)'s directive that offenses separated by an "intervening arrest" are always counted separately.  § 4A1.2(a)(2)(2007); § 4A1.2(a)(2) cmt. n.3 (2006); *see United States v. Ellis*, 525 F.3d 960, 965 n.1 (10th Cir. 2008).  The court therefore appropriately counted his sentences separately for the reasons it gave at sentencing, and any potential argument to the contrary would be frivolous.

Ramsey further challenges his sentence by noting that the criminal-history category anticipated in his plea agreement (Category V) differed from that recommended by the probation officer and ultimately adopted by the court (Category VI).  According to the presentence investigation report, additional criminal history points were warranted to account for Ramsey's commission of the current offense while on parole.  Under the plea agreement, Ramsey waived all appellate rights except for the right to appeal the validity of the plea or sentence.  Plea Agreement at ¶ 18(b). The plea agreement reflected Ramsey's acknowledgment that the guidelines calculations set forth in it were preliminary and non-binding.  Id. at ¶ 9(e).  Any argument based on the prospect of a different sentence would be frivolous.

Counsel and Ramsey next address potential arguments regarding the reasonableness of Ramsey's sentence.  Ramsey argues that recent changes to the guidelines' drug quantity table do little to alleviate the wide disparity between crack and powder cocaine sentences.  U.S.S.G. § 2D1.1(c)(6) (revised by Amendment 706).  The district court acknowledged its discretion to account for the remaining differential in sentencing, *see Kimbrough v. United States*, 128 S. Ct. 558, 576 (2007), and pointed out that Ramsey got the benefit of the guidelines that reduced the penalties for crack by two offense levels.  The court declined to depart below the recommended guidelines sentence, because it lacked confidence that a lower sentence would deter Ramsey from continuing criminal activity.

Counsel also considers whether the court properly evaluated the sentence under the factors listed in 18 U.S.C. § 3553(a).  Because Ramsey's sentence is within the guideline range, we presume it to be reasonable.  *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Miranda*, 505 F.3d 785, 791 (7th Cir. 2007).  At sentencing, the district court did evaluate the § 3553 factors that were called to its attention.  *See Gall v. United States*, 128 S. Ct. 586, 596-97 (2007); *United States v. Tockes*, 530 F.3d 628, 632 (7th Cir. 2008).  For example, the court specifically explained the disparity between Ramsey's sentence and that of his co-defendants, *see* § 3553(a)(6), attributing the difference to cooperation with police and different criminal histories.  The court also considered but rejected Ramsey's argument that the guidelines sentence overstated his criminal history.  *See* § 3553(a)(1).  The court found that the guidelines calculation fairly excluded a large number of Ramsey's previous convictions and may have in fact understated his criminal history.  Those excluded convictions were either outside the applicable time frame or didn't meet length or offense criteria of U.S.S.G. § 4A1.2(c).  The court also recommended that the Bureau of Prisons assign Ramsey to a facility with a comprehensive

substance abuse treatment program. *See* § 3553(a)(2)(D). Any potential argument that the court failed to give a meaningful review would lack merit, as the court fully addressed Ramsey's arguments at sentencing.

Ramsey also argues that he lacked access to a library or legal advisors during the course of his incarceration. We note that there is no constitutional right of access to a law library when a defendant is offered the assistance of counsel. *United States v. Byrd,* 208 F.3d 592, 593 (7th Cir. 2000). To the extent that Ramsey's response charges his counsel with ineffective assistance, this claim is better pursued in a collateral proceeding. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

We therefore GRANT counsel's motion to withdraw and DISMISS Ramsey's appeal.